## Robinson *v.* Albert P. Hill Co., Appellant.

*Contract—Construction—"Term contracts"—Words and phrases.*
Where a contract of employment for securing advertisements draws a distinction between "business secured on an indefinite open order basis" and "business secured on definite term contracts," the courts will define the words "term contracts" as those

for a stipulated time, and not those for definite terms, where other clauses in the contract show that such was the intention of the parties.

Argued February 27, 1923.   Appeal, No. 21, Oct. T., 1923, by defendant, from decree of O. C. Allegheny Co., July T., 1921, No. 3130, on bill in equity, in case of Carl I. Robinson v. Albert P. Hill Co., Inc.   Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Bill in equity for account.

Exceptions to report of Roy Rose, Esq., master.   Before EVANS and DREW, JJ.

The opinion of the Supreme Court states the case.

Decree for plaintiff, opinion by EVANS, J.   Defendant appealed.

*Error assigned* was decree, quoting it.

*Harry B. Wassell,* for appellant.

*H. K. Siebeneck,* with him *Wilbur F. Galbraith,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, March 19, 1923:

On this bill in equity for discovery and an account the chancellor entered a decree in plaintiff's favor, from which defendant has appealed.

The controversy grows out of a written agreement of employment, in which plaintiff undertook to serve defendant, which carried on the business of an advertising agency, by procuring contracts for the placing of advertisements by it.   Plaintiff's employment under the agreement was to continue for one year and he was to receive 30 per cent of the gross profits of the business he procured, less in certain instances the executive cost to which the defendant was put in handling it: as to what was termed "business secured on an indefinite open order

basis," no deduction was to be made, but, on what were denominated "definite term contracts," the executive cost was to be deducted from the commissions due plaintiff. The case was referred to a master to state an account, who found that certain advertising contracts secured by plaintiff, under the language used in the employment contract, were indefinite open order contracts, and, that plaintiff was entitled to his full commission thereon without deduction of executive costs. It is by this finding and the money decree flowing from it, that defendant thinks itself aggrieved.

The controversy hinges on the application of the words "business secured on an indefinite open order basis" and "business secured on definite term contracts." Stated in the words of its brief, defendant's position is that the contracts in question "contained precise, stated and certain terms and conditions concerning all phases of business, and these are undoubtedly the 'terms' which are referred to in the appellation 'definite term contracts' which is used in a plural sense, in distinction from indefinite open order business, which is used in a singular sense, referring to a kind of business." Plaintiff's position is that the words "definite term contracts" mean contracts covering a specified period of time. In short, the issue is: Do the words "term contracts" mean, having a time limit, or having "terms."

The employment agreement, in the portions of it necessary to be considered, reads: "Third, A distinction is drawn between business secured on an indefinite open-order basis, and business secured on definite term contracts. In the event of my securing definite term contracts with clients, it is understood that my proportion of all of the profits of the business accruing from clients under such contracts during the full term of such contracts, shall be credited to me as the business develops and that I or my heirs are to collect this deferred increment as rapidly as it accumulates on regular monthly settlements, with the following proviso: Should any

contingency arise which would render it impossible or impracticable for me to handle these term contracts personally, they are to be turned over to another agency executive and all or that part of his time necessary to handle these clients is to be deducted from my 30% of the gross profits. In no case is all of the salary of the said executive to be charged to my clients unless all of his time is necessary and unless he is working on no other accounts except mine, or rendering the agency no service except that necessary to handle the accounts mentioned and listed in this arrangement."

It will be noticed that this clause itself, after using the words "definite term contracts" goes on to speak of "the full term of such contracts"; this certainly must mean their duration, but if there were any doubt on this score, it is dispelled when we look at the fifth paragraph of the agreement, which stipulates "where term contracts are secured from clients for one or several years," thereby defining that term contracts were those for a stipulated time not those of definite terms.

The conclusion reached by the master and the court below was correct.

The decree is affirmed at the cost of appellant.